# EXHIBIT A

Case 1:25-cv-06106    Document 1-1    Filed 07/24/25    Page 2 of 16

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------X  Index No.

GORDON FINANCIAL GROUP LLC,

**SUMMONS**

         Plaintiff,

   -against-

DIGESTIVE DISEASE ASSOCIATES PC,
PAN AMERICAN MARKETING GROUP LLC
and R. RANDY BRINSON,

The basis of the venue is County where
transaction took place.

         Defendants.
---------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT(S):**

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within TWENTY (20) days after the service of this summons, exclusive of the day of service (or within THIRTY (30) days after service is complete if the summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
    May 30, 2025

MARKS DIPALERMO WILSON PLLC

   ADAM LOVE /S/

_____

**Defendant's Address(es):**

DIGESTIVE DISEASE ASSOCIATES PC
7080 Sydney Curve
Montgomery, AL 36117

ADAM LOVE, Esq.
Attorney for Plaintiff
485 Madison Avenue, 16th Fl.
New York, NY 10022
(212) 370-4477

PAN AMERICAN MARKETING GROUP, LLC
7080 Sydney Curve
Montgomery, AL 36117

R. RANDY BRINSON
2225 Walbash Dr.
Montgomery, AL 36116

THE SUPREME COURT STATE OF NEW YORK
COUNTY OF NEW YORK

GORDON FINANCIAL GROUP LLC,

|  |  |
|---|---|
| Plaintiff, | INDEX NO.: |
| v. | VERIFIED COMPLAINT |
| DIGESTIVE DISEASE ASSOCIATES PC, PAN AMERICAN MARKETING GROUP LLC and R. RANDY BRINSON, | |
| Defendants. | |

Plaintiff GORDON FINANCIAL GROUP LLC, by its attorneys, Marks DiPalermo Wilson PLLC, as and for its Complaint, alleges as follows:

## **COMPLAINT**

1.      At all relevant times herein mentioned, Plaintiff Gordon Financial Group LLC ("Plaintiff" or "GFG") was and is a domestic limited liability company duly authorized to conduct business in the State of New Jersey.

2.      Upon information and belief, and at all times hereinafter mentioned, Defendant Digestive Disease Associates PC ("DDA" or the "Guarantor") is a domestic professional company doing business in the State of Alabama.

3.      Upon information and belief, and at all times hereinafter mentioned, Defendant Pan American Marketing Group LLC ("Pan American") is a domestic limited liability company doing business in the State of Alabama.

COMPLAINT - 1

4.      Upon information and belief, at all times hereinafter mentioned, Defendant Pan American conducted business in the State of New York.

5.      Upon information and belief, and at all times hereinafter mentioned, Defendant R. Randy Brinson ("Dr. Brinson") is an individual currently residing in Montgomery, State of Alabama.

6.      At all times hereinafter mentioned, Defendant Brinson conducted business in, and transacted business in the State of New York.

7.      Dr. Brinson, Pan American, and DDA had a history and prior working relationship with Plaintiff and its individual members and managers.

8.      In past business dealings, Plaintiff (by its members, employees, and managers) worked with Dr. Brinson, garnishing a trusting working relationship.

9.      In 2017, after years of working with Plaintiff, Dr. Brinson contacted Plaintiff's manager advising him that he was in desperate need of financial assistance to fund his business venture of purchasing and shipping oil from various sources.

10.     The business venture related to Dr. Brinson attempting to start an oil business in Africa, and other areas.

11.     Plaintiff was familiar with Dr. Brinson's business acumen as they had previously engaged in business dealings.

12.     Plaintiff had reason to believe that Dr. Brinson would use requested funds for its intended purposes, repay the funds, and work with Plaintiff in accordance with all promises, representations and agreements.

COMPLAINT - 2

13.     Plaintiff was asked for two separate loans.  The first in the amount of One Hundred and Sixty Thousand Dollars ($160,000.00), and a second, several weeks later, in the amount of Forty Thousand Dollars ($40,000.00).

14.     However, prior to funding any requested loans, Plaintiff made it clear to Defendants and Dr. Brinson, that the funds were being drawn from a line of credit and required prompt and immediate repayment.

15.     Dr. Brinson acknowledged this, and advised Plaintiff that the funds would be paid back sooner than required, and were going to be repaid immediately from revenue received from Dr. Brinson's various business ventures.

16.     Due to the failures of Defendants to make repayment of the loans, Plaintiff's line of credit is still open.

17.     Dr. Brinson was so certain of repayment, that he agreed to pledge interests in his various business ventures to secure the loans.

18.     The Total amount, that Plaintiff eventually lent to Defendants was Two Hundred Thousand Dollars ($200,000.00).

19.     Due to time constraints, the Plaintiff and Defendants memorialized the Loan terms and agreements in a written term sheet, dated May 18, 2017 (the "Term Sheet").

20.     Brinson, on behalf of himself, DDA and Pan American executed the Term Sheet.

21.     Brinson agreed to personally guaranty the Loans.

22.     DDA agreed to guaranty the Loans.

23.     Pan American agreed to pledge revenues and equity to secure and collateralize the Loans.

COMPLAINT - 3

24.     The Term Sheet is governed by the laws of the State of New York.

25.     Plaintiff agreed to make the Loans under the short circumstances, and without fully executed loan documents because Lender was "relying on the personal representations and personal character of Dr. Brinson, who has orally agreed to personally guarantee this loan."

26.     And, more importantly, "Dr. Brinson agrees to sign any and all documents to fully support this Agreement ..."

27.     Defendants Brinson, Pan American, and DDA derived a substantial benefit from the Loans and the Term Sheet, and have pledged the property detailed in the Term Sheet to GFG as collateral for the Loans.

28.     As a condition of providing the Loans, GFG relied upon the covenants, representations and promises of Defendants, including Defendants providing security agreements, notes and guarantees.

29.     Pursuant to the terms of the Term Sheet, Defendants Dr. Brinson, DDA, and Pan American are indebted or otherwise obligated or liable to GFG with respect to indebtedness and obligations evidenced by the Notes in the cumulative amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00).

30.     Defendants Dr. Brinson, DDA and Pan American failed to pay GFG under the terms of the Term Sheet.

31.     Plaintiff GFG has demanded payment under the terms of the Term Sheet and loan documents and additional charges from Defendants by written demand.

32.     Defendants continued to lure Plaintiff into believing that they would satisfy their debts obligations pursuant to the Loans.

COMPLAINT - 4

33.     It was not until relatively recently that Plaintiff learned Defendants had no intention to honor their obligations, repay the Loan, or for that matter, make any payment to Plaintiff.

34.     Defendants' fraudulent actions were learned of for the first time, when Defendants alleged that they never borrowed any money from Plaintiff, never entered into any agreements with Plaintiff and had no obligations to GFG.

35.     Defendants have failed to make any payments.

### AS AND FOR A FIRST CAUSE OF ACTION
### (Fraud)

36.     Plaintiff repeats and reiterates each and every allegation set forth in paragraphs "1" through and including "35" as if fully set forth herein.

37.     Plaintiff began a business relationship with Defendants, working with Defendants and various entities over several years prior to the occurrences in this agreement.

38.     Defendants lured Plaintiff into a sense of trust, leading Plaintiff to lending certain funds to Defendants, with the promise of repayment.

39.      Suddenly, in 2017, Dr. Brinson contacted Plaintiff, and told Plaintiff that he desperately needed money for his business enterprises and operations to start an oil business.

40.     The funds were supposed to be used for immediate startup costs, and purchase of materials and goods.

41.     Moreover, prior to depositing the funds with Defendants, Plaintiff advised Defendants that the funds would be coming from a line of credit, that required prompt repayment.

COMPLAINT - 5

42. Defendants advised that they would repay the funds sooner than the required payback period so this would not be an issue.

43. In 2017, Plaintiff sent two payments, totaling a combined Two Hundred Thousand Dollars and 00/100 ($200,000.00) to Defendants based upon agreements between the parties.

44. Plaintiffs were lured, with the false sense of past performance based upon prior working relationships, and establishment of trust, representations and promises, to loan the funds. Moreover, Plaintiff was aware of Defendants' past performance of prior successful deals, which were flaunted by Defendants.

45. The funds were supposed to be used for immediate startup costs, and purchase of materials and goods.

46. Defendants, at the time requesting the funds, knew they had no intention of repaying the monies.

47. But for the promises made by Defendants that the monies would be used for business purposes, and repaid to Plaintiff, Plaintiff would never have loaned the funds.

48. Due to the conduct and actions of Defendants, Plaintiff has been significantly damaged.

49. Indeed, Defendants borrowed funds without any foresight of repaying the funds.

50. Plaintiff relied upon these actions.

51. To Plaintiff's detriment, they were given a false representation based upon past performance and representations of Defendants.

COMPLAINT - 6

52.     Defendants made one or more material misrepresentations of a presently existing or past fact, including but not limited to the fact that Defendants would repay Plaintiff for the guaranteed loan.

53.     Defendants knew or believed the falsity of the misrepresentation(s).

54.     Defendants intended that the Plaintiff would rely on the misrepresentation(s).

55.     Plaintiff reasonably relied on Defendants' misrepresentation(s).

56.     By reason of the foregoing, Plaintiff is entitled to a money judgment against the Defendant Dr. Brinson, jointly and severally with Defendant DDA in the amount of at least Two Hundred Thousand Dollars and 00/100 ($200,000.00), plus interest from May 18, 2017, plus punitive damages in an amount no less than Five Hundred Thousand Dollars and 00/100 ($500,000.00),  and all costs of collection, including, but not limited to attorneys' fees and costs, plus such other amounts that may accrue during the pendency of this action until judgment is entered.

### AS AND FOR A SECOND CAUSE OF ACTION

57.     Plaintiff repeats and reiterates each and every allegation set forth in paragraphs "1" through and including "56" as if fully set forth herein.

58.     Defendants DDA, Pan American, and Dr. Brinson's failure to pay GFG under the terms of the Loans and Term Sheet.

59.     The obligations and sums due and owing under the Loans and Term Sheet have matured, and are due and owing.

60.     Plaintiff made due demand for repayment of the Defendants' obligations.

61.     Defendants made Plaintiff believe that they would satisfy their obligations.

COMPLAINT - 7

62. However, to date, Defendants have failed to satisfy the obligations.

63. By reason of the foregoing, Plaintiff has been damaged in the amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five percent (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs.

64. By reason of the foregoing, Defendants DDA, Pan American, and Dr. Brinson are currently indebted to Plaintiff in the amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five percent (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs.

65. By reason of the foregoing, Plaintiff is entitled to a money judgment against the Defendants DDA, Pan American, and Dr. Brinson in the amount of at least Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five percent (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs, plus such other amounts that may accrue during the pendency of this action until judgment is entered.

## AS AND FOR A THIRD CAUSE OF ACTION

66. Plaintiff repeats and reiterates each and every allegation set forth in paragraphs "1" through and including "65" as if fully set forth herein.

67. Defendant DDA has failed to make payment under the guarantee upon due demand.

68. Defendant DDA has breached its obligations under the guarantee.

69. Defendant DDA lured Plaintiff into believing it would make good under its obligations, however, has still failed to make good on its obligations.

COMPLAINT - 8

70.    By reason of the foregoing, Plaintiff has been damaged in the amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five percent (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs.

71.    By reason of the foregoing, Defendant DDA is currently indebted to Plaintiff in the amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five percent (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs.

72.    By reason of the foregoing, Plaintiff is entitled to a money judgment against the Defendant DDA, jointly and severally with Defendant Dr. Brinson, in the amount of at least Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five percent (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs, plus such other amounts that may accrue during the pendency of this action until judgment is entered.

## AS AND FOR A FOURTH CAUSE OF ACTION

73.     Plaintiff repeats and reiterates each and every allegation set forth in paragraphs "1" through and including "72" as if fully set forth herein.

74.    Defendant Dr. Brinson has failed to make payment under the guarantee upon due demand.

75.    Defendant Dr. Brinson has breached his obligations under the guarantee.

76.    Defendant Dr. Brinson lured Plaintiff into believing it would make good under its obligations, however, has still failed to make good on its obligations.

COMPLAINT - 9

77.     By reason of the foregoing, Plaintiff has been damaged in the amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five percent (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs.

78.     By reason of the foregoing, Defendant Dr. Brinson is currently indebted to Plaintiff in the amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five percent (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs.

79.     By reason of the foregoing, Plaintiff is entitled to a money judgment against the Defendant Dr. Brinson, jointly and severally with Defendant DDA in the amount of at least Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five percent (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs, plus such other amounts that may accrue during the pendency of this action until judgment is entered.

## AS AND FOR A FIFTH CAUSE OF ACTION

80.     Plaintiff reiterates each and every allegation set forth in paragraphs "1" through and including "79" as if fully set forth herein.

81.     Defendants have received monies, as a loan, from Plaintiff, in the amount of Two Hundred Thousand Dollars ($200,000.00).

82.     Defendants received and utilized the funds for their own purposes and benefit to the detriment of Plaintiff.

83.     Defendants knowingly accepted the funds, understanding that it was their obligation to repay the monies to Plaintiff.

COMPLAINT - 10

84.     By virtue of the aforesaid, Defendants have been unjustly enriched by the sum of Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus costs and attorneys' fees.

85.     By reason of the foregoing, Plaintiff is entitled to a money judgment against the Defendant Dr. Brinson, jointly and severally with Defendant DDA in the amount of at least Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus nine percent (9%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs, plus such other amounts that may accrue during the pendency of this action until judgment is entered.

## AS AND FOR AN SIXTH CAUSE OF ACTION

86.     Plaintiff reiterates each and every allegation set forth in paragraphs "1" through and including "85" as if fully set forth herein.  Plaintiff possesses right to possession of all monies lent with interest.

87.     Defendants have wrongfully interfered with Plaintiff's right of possession of these monies by accepting and failing and refusing to repay it.

88.     By reason of the foregoing, Defendants DDA, Pan American, and Dr. Brinson are currently indebted to Plaintiff in the amount of Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five percent (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs.

WHEREFORE, Plaintiff GORDON FINANCIAL GROUP LLC demands:

(a)     On the First Cause of Action, a money judgement against Defendant Dr. Brinson, jointly and severally with Defendant DDA, in the amount of at least Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus interest, plus punitive

COMPLAINT - 11

damages in an amount no less than Five Hundred Thousand Dollars and 00/100 ($500,000.00);

(b)    On the Second Cause of Action, a money judgment against Defendants DDA, Pan American, and Dr. Brinson in the amount of at least Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs, plus such other amounts that may accrue during the pendency of this action until judgment is entered;

(c)    On the Third Cause of Action, a money judgment against Defendant DDA, jointly and severally with Defendant Dr. Brinson, in the amount of at least Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs, plus such other amounts that may accrue during the pendency of this action until judgment is entered.

(d)    On the Fourth Cause of Action, a money judgment against Defendant Dr. Brinson, jointly and severally with Defendant DDA in the amount of at least Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five (5%) interest from May 19, 2017, and all costs of collection, including, but not limited to attorneys' fees and costs, plus such other amounts that may accrue during the pendency of this action until judgment is entered.

(e)    On the Fifth Cause of Action, a money judgement against Defendant Dr. Brinson, jointly and severally with Defendant DDA, in a sum to be determined, but anticipated to exceed Two Hundred Thousand Dollars and 00/100 ($200,000.00);

(i)    On the Sixth Cause of Action, a money judgment against Defendant Dr. Brinson, jointly and severally with Defendant DDA in the amount of at least Two Hundred Thousand Dollars and 00/100 ($200,000.00) plus five (5%) interest from May 19, 2017, and all costs of

COMPLAINT - 12

collection, including, but not limited to attorneys' fees and costs, plus such other amounts that

may accrue during the pendency of this action until judgment is entered;.

        (j)     The costs and disbursements of this action; and

    (k)     Such other and further relief as the Court deems just and proper.

Dated: May 30, 2025

New York, New York

                                       Respectfully submitted,

                                  Marks DiPalermo Wilson PLLC

                                By: /S/ ADAM LOVE
                                  Adam N. Love
                                  Attorneys for Plaintiff
                                  485 Madison Avenue, Fl. 16
                                  New York, NY 10002
                                  (212) 370-4477

COMPLAINT - 13

## **VERIFICATION**

I, ADAM LOVE ESQ., state:

I am an attorney at the law firm of MARKS DIPALERMO WILSON PLLC for the Plaintiff in this action, and I have read and know the contents of the foregoing Complaint. The Complaint is true to my own knowledge, except as to matters alleged upon information and belief, and as to those matters I believe it to be true.

The grounds of my belief as to all matters in the Complaint not stated upon knowledge are as follows: Statements of services rendered, contracts and correspondence between plaintiff and defendant, my general investigation of the facts of this case, and a review of files regarding the claims.

This verification is made by me because Plaintiff's offices are not located in the county where my office is located.

Dated:    5-30-25

   /S/ ADAM LOVE
_____
ADAM LOVE, ESQ.

8